SOUTHWESTERN INSURANCE COM-PANY, a Corporation, Plaintiff in Error,

v.

Bill SLINGER, Defendant in Error.

No. 39532.

Supreme Court of Oklahoma

May 2, 1962.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiff in error.

Tom Durham, Tulsa, for defendant in error.

PER CURIAM.

This action was instituted by defendant in error, hereinafter referred to as plaintiff, to recover the principal sum of $870.63, with interest and costs, against plaintiff in error, hereinafter referred to as defendant. Said principal sum is the $13.00 plaintiff paid the Tulsa Wrecker Service to tow his Chevrolet automobile to its lot, after said auto was damaged in an accident in July, 1960, added to $857.63 that Mell Martin, an auto rebuilder, charged him for repairing the car at his shop. Plaintiff also sought $10.00 per day for loss of use of the car after August 10, 1960.

Defendant's alleged liability for said sum is predicated on a "Family Automobile Physical Damage Policy", containing a fifty-dollar deductible provision, issued to plaintiff on the car by defendant.

It is difficult to be certain from the record exactly which day, in the early part of July, 1960, the accident, and damage to plaintiff's car, occurred. Plaintiff's petition alleged that this was on July 5, and, at the trial, he testified to the effect that he went to defendant's office to report the accident two or three days later, or, the next Monday; but other evidence indicates that plaintiff's trip to defendant's office, and Martin's inspection of the car and preliminary estimate of its damage, occurred on July 5th. According to Martin's testimony, his preliminary estimate, made on that date was "pretty close" to $749.00; but, when the work was completed, or "as it turned out", the cost of putting the car in the same condition, as it was before the accident, totalled approximately $120.00 more.

An estimate that defendant obtained from Franklin Brothers (including work on the car's frame, the cost of which was estimated by Fuller-White Chevrolet Company) was $678.56. At the trial, defendant offered to

confess judgment for this amount, less the $50.00 deduction prescribed in the policy, or the sum of $628.56, with interest at 6% per annum from July 5, 1960, and the accrued costs of the action to the date of the offer.

After plaintiff did not accept said offer, defendant moved, after all the evidence had been introduced, for a directed verdict "in so far as the excess over * * *" the amount specified in its offer "* * * is concerned, * * *". The trial court overruled this motion, except as to the amount plaintiff was claiming for loss of his car's use; and, upon submission of the case to the jury, a verdict was returned in plaintiff's favor for $820.63, plus court costs and interest. Judgment was entered accordingly. After the overruling of its motion for a new trial, defendant perfected the present appeal.

For reversal of said judgment, defendant argues, under a single proposition, that, by reason of paragraph "9" of the subject policy's "CONDITIONS", it had a right to elect whether it would pay plaintiff "in money" for the damages to his car, or have the car repaired itself; that plaintiff prevented it from exercising this election or option (which, if exercised, would have enabled it to discharge its liability under the policy for the same principal amount, $628.-56, for which it had offered to confess judgment); and that therefore, under the rule referred to in Home Mutual Insurance Company of Iowa v. Stewart, 105 Colo. 516, 100 P.2d 159, and Williams v. Farm Bureau Mutual Insurance Co. of Missouri (Springfield Court of Appeals, Mo.), 299 S.W.2d 587, its motion for directed verdict should have been sustained en toto.

The rule for which defendant contends, shows on its face that, in order for it to apply, the insurance company must have elected to exercise the option, to which it relates. It cannot be said, without equivocation, and as a matter of law, that defendant exercised such option in this case, or, if it did, that it gave timely notice thereof to plaintiff. The testimony of John L. Smith, who was in charge of defendant's Tulsa office, was to the effect that he told plaintiff it did not make any difference to defendant who repaired his car—that the only thing defendant wanted "* * * was an opportunity to get an estimate on the automobile to protect ourselves." As hereinbefore shown, defendant obtained such an estimate from Franklin Brothers; and, as far as the record shows, there is no evidence, from which all reasonable men would agree, that defendant ever decided to have plaintiff's car repaired itself, or, at least, that it gave plaintiff notice of any such decision, if ever made (before commencement of this action) until, after considerable delay, Mell Martin commenced the job of repairing the car.

In view of the foregoing, defendant's argument on appeal wholly fails to demonstrate error in the trial court's overruling of its motion for a directed verdict.

Accordingly, the judgment appealed from is hereby affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.